## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ELBERT SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00491 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUE BUNCH, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Elbert Smith, Pro Se Plaintiff.*

Elbert Smith, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison employees and administrators interfered with his ability to file a petition for rehearing, thus violating his constitutional rights related to access of the courts. Upon review of Smith's complaint, I conclude that the action must be summarily dismissed as frivolous.

### I.

Smith allegedly had a May 17, 2013, deadline to file a Petition for Rehearing in the Supreme Court of Virginia. On May 16, while confined at Red Onion State Prison, he delivered two copies of his petition to a floor officer for mailing — one addressed to the Clerk of the Supreme Court of Virginia and the other addressed to opposing counsel. Mailroom Clerk Sue Bunch returned Smith's mailings to him on May 17 with a note, stating that he did not have sufficient funds in his legal

mail account to cover the required postage totaling $1.72. Specifically, Bunch stated that Smith had already used $4.02 of his weekly legal mail allowance of $4.60. Smith asserts that Bunch's calculations were incorrect. Smith's Petition for Rehearing was not postmarked until May 20, 2013. On September 20, 2013, the Supreme Court of Virginia denied that petition as untimely filed. Smith complained through the various levels of review in the prison's available administrative remedies procedure that Bunch had miscalculated his prior expenditures, but the reviewers found from the records that her calculations were correct.

Smith filed this § 1983 action on September 14, 2015, suing Bunch, another mailroom clerk, the warden, the regional administrator, and the VDOC director for monetary damages. Liberally construing his complaint, Smith contends that Bunch intentionally interfered with his constitutional right to access the courts; and the other defendants share liability for this violation, because they failed to investigate and correct Bunch's mistakes during the administrative remedy proceedings.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Under this statute, the court may summarily dismiss as

frivolous "a claim based on an indisputably meritless legal theory" or one "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as similarly used in the former 28 U.S.C. § 1915(d)).

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). To state a claim for relief based on a past denial of access, the plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002); *Casey*, 518 U.S. at 353 n. 3. Smith fails to identify any such legal claim on which he was likely to have procured either a rehearing or relief from his criminal sentence. This omission makes it impossible to find that he suffered any measurable, actual harm from Bunch's actions.

Furthermore, prison officials may impose reasonable restrictions on inmates' access to available legal materials and services. *Casey*, 518 U.S. at 361. When such a regulation is "reasonably related to legitimate penological interests," mere delays caused by application of that regulation "are not of constitutional significance, even where they result in actual injury" to the inmate's litigation efforts. *Id.* at 362. Bunch's alleged miscalculation occurred during her enforcement of the prison's weekly postage limit for indigent inmates' legal mail, a

regulation which is clearly and reasonably related to the prison's legitimate budgetary needs. Moreover, Bunch's action merely caused a minor, three-day delay of Smith's mail. Smith himself chose to wait until the next-to-last day of the fourteen-day filing period to post his Petition for Rehearing.

Finally, state officials cannot be held liable under § 1983 for negligent actions which interfere with an inmate's efforts to access the courts or to seek governmental redress.[1] *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)). Smith provides no evidence that Bunch purposely misstated the amount of postage required or miscalculated the balance in Smith's postage account on May 16-17, 2013. Her negligent miscalculations, even if proven, do not support a claim that she violated Smith's constitutional rights.

For the stated reasons, I must summarily dismiss Smith's claims against Bunch under § 1915A(b)(1) as frivolous. I will likewise dismiss as frivolous Smith's claims against the other, supervisory defendants, as these individuals cannot be liable under § 1983 for failing to correct Bunch's alleged constitutional

---

[1] Smith asserts that Bunch's actions violated not only his right to access the courts, but also his right to due process and his right to petition the government for redress of grievances, allegedly implicating the First, Fifth, and Fourteenth Amendments. In this case, these distinctions have no bearing on my conclusion that Smith has stated no actionable § 1983 claim. *See Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995) (finding that negligent mishandling of postage for legal mailing is not actionable under § 1983, even when it interferes with inmate's ability to meet a court deadline).

-4-

violations that did not occur. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, supervisory "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights") (internal quotation marks and citation omitted). Nor can they be liable for their actions taken during the administrative remedies proceedings. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("the right of access to the courts . . . is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding "no legitimate claim of entitlement to a grievance procedure" so as to create a protected liberty interest).

A separate Order will be entered herewith.

DATED:   November 4, 2015

/s/  James P. Jones
United States District Judge