# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ELBERT SMITH,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:15CV00491 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SUE BUNCH, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Elbert Smith, Pro Se Plaintiff.*

The plaintiff, Elbert Smith, filed this pro se Amended Complaint under 42 U.S.C. § 1983, asserting that the defendants violated his constitutional right to access the courts. I conclude that Smith's Amended Complaint (ECF No. 18) must be summarily dismissed with prejudice for failure to state a claim.

I.

I summarily dismissed Smith's initial § 1983 complaint in this action without prejudice upon finding the claims to be frivolous, *see* 28 U.S.C. § 1915A(b)(1), and Smith appealed. The United States Court of Appeals for the Fourth Circuit dismissed Elbert's appeal, finding that "[b]ecause the deficiencies identified by the district court may be remedied by the filing of an amended complaint, . . . the order Smith [sought] to appeal [was] neither a final order nor an appealable interlocutory or collateral order." *Smith v. Bunch*, No. 15-7892, 2016

WL 1274722, at *1 (4th Cir. Apr. 1, 2016) (unpublished). The Fourth Circuit then remanded the case to permit Smith to file an amended complaint, and he has done so. A summary of his amended allegations follows.

Smith allegedly had a May 17, 2013, deadline to file a Petition for Rehearing in the Supreme Court of Virginia.[1] On May 16, while confined at Red Onion State Prison ("Red Onion"), he delivered two copies of his petition to a floor officer for mailing — one addressed to the Clerk of the Supreme Court of Virginia and the other addressed to opposing counsel. Mailroom Clerk Sue Bunch returned Smith's mailings to him on May 17 with a note, stating: "You are allowed $4.60 for legal each week. You have used $4.02, it will cost $1.72 to mail these." (Am. Compl. 4, ECF No. 21.) In so doing, according to Smith, Bunch miscalculated the amount of legal mail postage Smith had used and misapplied Red Onion policy by limiting Smith to the legal postage allowance applicable for indigent inmates, when Smith was not, in fact, indigent.

Smith again deposited his Petition for Rehearing in the Red Onion mail system on May 20, 2013, but ultimately, the Supreme Court of Virginia dismissed Smith's petition as late. Smith complained through the various levels of review in the prison's available administrative remedies procedure that Bunch had

---

[1] According to Smith's attachments to the original Complaint and the Supreme Court of Virginia docket available online, on May 3, 2013, the Supreme Court of Virginia denied Smith's appeal of a civil action (Record No. 122088).

miscalculated his prior expenditures for outgoing legal mail, but the reviewing officials found from the records that Bunch's calculations were correct.

Under § 1983, Smith sues Bunch and two other officers who addressed his grievances, the warden, the regional administrator, and the VDOC director. Liberally construing his complaint, Smith contends that Bunch intentionally interfered with his constitutional right to access the courts; and the other defendants share liability for this violation, because they failed to investigate and recognize Bunch's mistakes during the administrative remedy proceedings. Specifically, Smith asserts that his Petition for Rehearing raised an unspecified, but "non-frivolous legal claim attacking his sentence and seeking redress," and that Bunch's uncorrected errors caused the petition to be "dismissed as late and his claims forever deemed 'moot.'" (*Id.* at 8-10.) Smith seeks to recover monetary damages for these alleged violations.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Moreover, the allegations in a pro se complaint are to

be liberally construed to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). To survive dismissal, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not factual allegations and need not be accepted as true. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). An inmate states no actionable § 1983 claim of denial to this right, however, without stating facts showing that the challenged prison policy or official action actually "hindered his efforts to pursue" a non-frivolous legal claim. *Id.* at 351. Specifically, the plaintiff must identify in the complaint the "nonfrivolous" and "arguable" legal claim, and the potential remedy that claim sought to recover, that were lost as a result of the defendant's alleged interference with the plaintiff's right to access. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Casey*, 518 U.S. at 353). Absent identification of the lost claim and its arguable

merit, the plaintiff has not shown that he "suffered injury by being shut out of court." *Id.* An amended complaint that fails to make these required showings is properly dismissed for failure to state a claim. *Id.* at 419-21.

At the most, Smith's Amended Complaint alleges that he lost a chance to pursue a petition for rehearing of an unspecified claim attacking his criminal sentence. I cannot accept as true Smith's mere legal conclusions that the lost claim was both nonfrivolous and arguable, and Smith provides no factual support for these conclusions. He does not identify the nature of the claim itself or state any facts showing that it had arguable merit. Smith also fails to allege any specific remedy that he arguably might have achieved if his petition had reached the Supreme Court of Virginia by the filing deadline. In the absence of such factual matter, I cannot find that the "lost" claim was nonfrivolous and arguable, or that Smith has sufficiently pleaded any measurable, actual harm from Bunch's actions.

### III.

Based on Smith's failure to plead factual matter on necessary elements of his claim that Bunch violated his constitutional right to access the court, after he was granted ample opportunity to do so through amendment, I must summarily dismiss the action under § 1915A(b)(1) with prejudice for failure to state a claim.[2]

---

[2] Smith fails, for other reasons, to state any actionable § 1983 claim against the other defendants, who are sued merely for finding, in response to Smith's grievances, that Bunch did not violate prison policy by returning his mailing as she did. Smith simply

-5-

A separate Order will be entered herewith.

DATED: July 21, 2016

/s/ James P. Jones
United States District Judge

---

does not state any facts suggesting that these defendants personally deprived him of any constitutionally protected right. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, supervisory "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").